UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
PENNY LEE WOOD, :
: CASE NO. 1:14-CV-00998
    Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. 23]
CAROLYN W. COLVIN, :
ACTING COMMISSIONER OF SOCIAL :
SECURITY, :
:
    Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, Plaintiff Penny Lee Wood asks the Court to reverse the decision of an Administrative Law Judge ("ALJ") finding that Wood is ineligible for disability insurance benefits.[1] Magistrate Judge Vecchiarelli has issued a Report and Recommendation ("R&R") that the Court vacate the ALJ's decision and remand the case.[2] Defendant Commissioner of Social Security objects to the R&R.[3] Because the ALJ failed to provide sufficient analysis regarding Plaintiff Wood's ulcerative colitis or frequent diarrhea, and failed to comply with the Social Security Commission's procedural requirements to provide reasons for not giving the treating physician's opinions controlling weight, the Court **OVERRULES** the Commissioner's objections, **ADOPTS** the recommendation of the Magistrate Judge, and **REMANDS** this case to the ALJ for further proceedings consistent with this opinion.

---

[1] Doc. 1 at 1–2.
[2] Doc. 3.
[3] Doc. 23. Plaintiff Wood has replied to Defendant's objections. Doc. 24.

-1-

Case No. 1:14-cv-00998
Gwin, J.

## I. Background

On April 8, 2011, Plaintiff Wood applied for a period of disability and disability insurance benefits,[4/] saying that her "depression, nerve damage neck and back, sleep disorder, ulcerated colitis, obesity, migraines, chronic pain, menephisas, [and] Horner's Syndrome" rendered her disabled as of September 9, 2010.[5/] Her claim was denied, both initially and on reconsideration.[6/]

On July 11, 2012, Plaintiff had an evidentiary hearing before an ALJ on her application. Relevant to this decision, Plaintiff Wood submitted medical records showing that she suffers from ulcerative colitis and frequent diarrhea.[7/] Plaintiff Wood testified that this condition requires her to take between as many as ten restroom breaks a day.[8/] A vocational expert testified that an employee who requires that many restroom breaks would need a special accommodation from an employer.[9/]

Also relevant to this decision, Plaintiff submitted a written opinion from her treating physician, Dr. Petrulis, who found that Plaintiff "was unable to change positions [without] discomfort, [was] severely impaired in her ability to hold heavy objects, . . . [and] had severe pain all the time."[10/] All submitted medical opinions recognized (in varying degrees) that Plaintiff had motor restrictions.[11/]

On September 21, 2012, the ALJ issued a decision finding Plaintiff Wood not disabled.[12/]

---

[4/] *See* 42 U.S.C. §§ 416(I), 423.
[5/] Doc. 10 at 242.
[6/] *See id.* at 1–4.
[7/] *Id.* at 331, 335, 421, 440, 456, 474, 543, 558.
[8/] *Id.* at 79.
[9/] *Id.* at 90.
[10/] *Id.* at 544.
[11/] *See id.* at 101–04, 117–19, 411, 543–44.
[12/] *Id.* at 35. On March 4, 2014, When the Social Security Commission's Appeals Council declined to review the ALJ's decision, the ALJ's decision became the Commissioner's final decision and thus appealable to this Court. *See*
(continued...)

-2-

Case No. 1:14-cv-00998
Gwin, J.

Magistrate Judge Vecchiarelli's R&R identifies two main errors with the ALJ's decision.[13] First, in determining Plaintiff's residual functional capacity ("RFC"), the ALJ did not mention any of the evidence Plaintiff submitted regarding her ulcerative colitis or frequent diarrhea.[14] Second, the ALJ did not explain why she "reject[ed]" the opinion of Dr. Petrulis, Plaintiff's treating physician, regarding Plaintiff's motor restrictions.[15]

The Commissioner objected to the R&R on both issues.[16] First, the Commissioner argues that the ALJ did in fact evaluate the claims of frequent diarrhea and ulcerative colitis and permissibly concluded from other evidence that the conditions were non-severe impairments.[17] The Commissioner also argues that the ALJ specifically identified clinical findings inconsistent with Dr. Petrulis' opinion, and thus properly rejected it.[18]

## II. Legal Standards

The Federal Magistrates Act requires a district court to conduct *de novo* review of the objections to a report and recommendation.[19] Any issue not raised is deemed waived.[20]

To establish disability under the Social Security Act, a claimant must show that she is unable to engage in substantial activity due to the existence of a "medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a

---

[12] (...continued)
20 C.F.R. § 404.981; 42 U.S.C. § 405(g).
[13] Doc. 22.
[14] *Id.* at 14, 16.
[15] *Id.* at 19.
[16] Doc. 23.
[17] *Id.* at 2.
[18] *Id.* at 2–3.
[19] 28 U.S.C. § 636(b)(1).
[20] *Funk v. Astrue*, No. 1:10-cv-2867, 2012 WL 1095918, at *2 (N.D. Ohio Mar. 30, 2012).

Case No. 1:14-cv-00998
Gwin, J.

continuous period of not less than twelve months."[21] Agency regulations establish a five-step sequential evaluation for use in determining whether a claimant is disabled.[22] The claimant's impairment must prevent her from doing her previous work, as well as any other work existing in significant numbers in the national economy.[23] The ALJ is required to consider all medical conditions (both severe and non-severe) at each step of the evaluation.[24]

Under the "treating physician rule"[25] an ALJ must "give good reasons," under a specific decisional rubric, if she elects to not give a treating physician's opinion controlling weight.[26] "'The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases,' particularly in situations where a claimant knows that his physician has deemed him disabled and therefore 'might be especially bewildered when told by an administrative bureaucracy that she is not.'"[27] The requirement also ensures meaningful review of the ALJ's application of the rule.[28]

### III. Discussion

**A. Lack of Analysis Regarding Ulcerative Colitis and Frequent Diarrhea**

---

[21] *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A).

[22] 20 C.F.R. § 404.1520. In Step One, the ALJ determines whether the claimant is engaged in a "substantial gainful activity" at the time he or she seeks disability benefits. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). In Step Two, the Plaintiff must show that he or she "suffers from a severe impairment in order to warrant a finding of disability." *Id.* (internal quotations omitted). In Step Three, the ALJ determines whether the claimant has a qualifying impairment that also meets a durational requirement. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. In Step Four, the ALJ determines if the claimant's RFC allows him to do past relevant work. *Colvin*, 475 F.3d at 740. Finally, in Step Five, the ALJ determines whether the claimant is able to do any other work considering his RFC, age, education, and work experience. *Id.* "For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled." *Id.*

[23] *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A).
[24] *See* 20 C.F.R. §§ 404.1520(a)(3), (e); 20 C.F.R. § 404.1545(a)(1).
[25] 20 C.F.R. § 404.1527(d)(2).
[26] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).
[27] *Id.* (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)).
[28] *Id.*

Case No. 1:14-cv-00998
Gwin, J.

As the R&R indicates, the ALJ's decision does not evaluate Plaintiff Wood's claims of ulcerative colitis and frequent diarrhea when determining Plaintiff's RFC.[29] Plaintiff Wood's claims regarding her condition of ulcerative colitis and frequent diarrhea were extensively documented. She consistently complained of diarrhea from November of 2009 through January of 2012, and four different doctors diagnosed her as having these conditions.[30]

Not only was this medical condition well-documented, but it should have been a core issue in the ALJ's RFC analysis. RFC examines the claimant's "ability to do physical and mental work activities on a sustained basis despite limitations from her impairments."[31] The vocational expert testified at the hearing about the great difficulty an individual with Plaintiff's issues would have in finding employment. Thus, Plaintiff's ulcerative colitis and frequent diarrhea would have had a significant, if not dispositive impact on Plaintiff's RFC.

It is the ALJ's responsibility to consider all of the medical evidence regarding impairments (severe and non-severe) at every step of the evaluation process, including when determining the claimant's RFC.[32] However, Plaintiff Wood's ulcerative colitis and frequent diarrhea were never mentioned in the ALJ's RFC determination, making it unclear whether the ALJ considered the condition as she was required to.[33]

The Commissioner's objection asserts that the ALJ may have evaluated the ulcerative colitis and disbelieved the evidence supporting it because Plaintiff had a normal swallow test and only vague abdominal symptoms in examinations, and because the medical diagnoses were based on

---

[29] Doc. 22 at 13.
[30] *See id.* at 4–5 (summarizing medical history).
[31] Doc. 10 at 39; see 20 C.F.R. § 404.1545.
[32] *See* 20 C.F.R. §§ 404.1520(a)(3), (e); 20 C.F.R. § 404.1545(a)(1).
[33] Doc. 22 at 13; *see also* Doc. 10 at 35–44.

Case No. 1:14-cv-00998
Gwin, J.

Plaintiff's own reports.[34]

According to the Commissioner, based on this evidence it was permissible for the ALJ to find the ulcerative colitis was not a severe impairment. While it is possible that the ALJ might have used such reasoning, the decision is silent on the topic of ulcerative colitis and therefore it is impossible to know. This lack of explicit evaluation on a core issue precludes "meaningful review" of the ALJ's decision, and therefore requires reversal.

**B. Rejection of Dr. Petrulis's Opinion**

The R&R also finds the ALJ failed to satisfy the requirements of the treating physician rule when the ALJ rejected, without explanation, Dr. Petrulis's opinion that Plaintiff Wood has numerous motor impairments.[35] The ALJ instead relied on the opinion of another physician, Dr. Bradford, when the ALJ found Plaintiff had normal gait, muscle strength, reflexes, range of motion for elbows, wrist, and fingers and abilities for fine and gross manipulations.[36] Whether the ALJ rejected all of Dr. Petrulis's opinion, or merely the portions directly contradicted by Dr. Bradford, remains unclear given the language of the decision.[37] Although the ALJ's decision discusses Plaintiff's motor skills, it does not discuss other parts of Dr. Petrulis's opinion.[38] However, the Court need not decide just how much of Dr. Petrulis's opinion the ALJ rejected, because the ALJ's explanation fails to satisfy the treating physician rule.

Although an ALJ's explanation for discounting the treating source's opinion may be brief, it must still be "sufficiently specific to make clear to any subsequent reviewers the weight given to

---

[34] Doc. 23 at 2.
[35] Doc. 22 at 17–19; *see* 20 C.F.R. § 404.1527(d)(2).
[36] Doc. 10 at 42.
[37] *See id.* at 42.
[38] *See id.* at 543–45.

-6-

Case No. 1:14-cv-00998
Gwin, J.

the treating physician's opinion and the reasons for that weight."[39] By accepting a competing opinion from another doctor, the ALJ implicitly rejected Dr. Petrulis's opinion.[40] The ALJ's decision, however, fails to give "good reasons" for giving Dr. Petrulis's opinion so little weight.[41] The ALJ did not explain why she found Dr. Bradford's opinion more persuasive than Dr. Petrulis's,[42] or why she considered Dr. Petrulis's opinion to be inconsistent with the record as a whole.[43] The ALJ's failure to explain her reasoning thoroughly is unhelpful to both the Plaintiff and reviewing courts, and requires reversal of her decision.

### IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** the Commissioner's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **REMANDS** this case to the Administrative Law Judge for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: May 28, 2015                    s/     *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE

---

[39] *Wilson*, 378 F.3d at 544 (quoting S.S.R. 96-2P, 1996 WL 374188, at *5 (S.S.A.)) (internal quotation marks omitted).
[40] *Cf.* Karger v. Comm'r of Soc. Sec., 414 F. App'x 739, 752–53 (6th Cir. 2011) (holding that an ALJ may indirectly attack the treating physician's opinion through adequate citation to conflicting evidence).
[41] *See* Bogle v. Sullivan, 998 F.2d 342, 347–48 (6th Cir. 1993).
[42] Friend v. Comm'r of Soc. Sec., 375 F. App'x 543, 552 (6th Cir. 2010).
[43] *See Bogle*, 998 F.2d at 347–48.